IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01684-EWN-CBS

DEERY AMERICAN CORPORATION, a Colorado corporation,
    Plaintiff,
v.

ARTCO EQUIPMENT SALES, INCORPORATED, a New York corporation, and
ERIC W. STONE,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Deery American Corporation's ("Deery's") Motion for Default Judgment against Defendant Artco Equipment Sales, Inc. ("Artco") (filed October 13, 2006) (doc. # 5); (2) Deery's Motion for Default Judgment against Defendant Eric W. Stone ("Stone") (filed November 1, 2006) (doc. # 8); and (3) Deery's Amended Motion for Default Judgment (filed December 8, 2006) (doc. # 14). Pursuant to the Special Orders of Reference dated October 25, 2006 (doc. # 7) and November 3, 2006 (doc. # 12) and the memoranda dated December 8, 2006 (docs. # 15 and # 19), the Motions were referred to the Magistrate Judge for "the purpose of conducting an evidentiary hearing on the motion[s] and submitting to the court proposed findings of facts and recommendations for the disposition of the motion[s]." The court has reviewed the Motions, the exhibits and affidavits, the entire case file, the argument presented at the hearing held

December 12, 2006, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Deery is a Colorado corporation with its place of business in Fruita, Colorado. (Complaint at ¶ 1; Affidavit of Collette M. Mayers in support of Amended Motion for Default Judgment (doc. # 14-2 at ¶ 5)). Deery alleges that between January 1, 2005 and July 31, 2006, Artco placed orders for merchandise that were filled by Deery for which Deery was never paid. (*See* Exhibit A to Complaint; Affidavit of Walter C. Smith in support of Motion for Default Judgment against Artco (doc. # 5-3 at ¶ 3); Affidavit of Collette M. Mayers in support of Amended Motion for Default Judgment (doc. # 14-2 at ¶ 7)). Stone personally guaranteed "payment of any obligation incurred" with Deery on behalf of Artco. (*See* Exhibit B to Complaint). By this lawsuit, Deery seeks payment of the amount owed under the contract for goods delivered, including costs, interest, and reasonable attorney fees.

Deery filed this civil action on August 24, 2006. Artco was served with this action on September 26, 2006. (*See* Affidavit of Service (doc. # 5-2)). Stone was served with this action on October 7, 2006. (*See* Affidavit of Service (doc. # 8-2)). On October 17, 2006, the Clerk of the Court entered default against Artco pursuant to Fed. R. Civ. P. 55(a). (*See* doc. # 6). On November 2, 2006, the court issued a Minute Order (doc. # 10) setting a hearing on Deery's Motions on December 12, 2006 at 10:45 a.m. Also on November 2, 2006, the Clerk of the Court entered default against Stone pursuant to Fed. R. Civ. P. 55(a). (*See* doc. # 9). The court notified Artco and Stone

by mail of the hearing and the Entry of Default. The court's records indicate that Artco's and Stone's copies of the Minute Order and the Entry of Default were not returned in the mail as undeliverable. Neither Artco nor Stone appeared at the December 12, 2006 hearing. As of this date, neither Artco nor Stone has appeared, filed an Answer, or otherwise responded in this action.

II.     Standard of Review

Default judgment may enter against a party who fails to appear or otherwise defend. Pursuant to Fed. R. Civ. P. 55(b)(2), judgment by default may be entered:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and accord a right of trial by jury to the parties when and as required by any statute of the United States.

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the ‹sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001). Even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does

not admit mere conclusions of law.'"  *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) (quoting 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2688, at 447-48 (2d ed. 1983).  "[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Cablevision of Southern Conn.*, 141 F. Supp 2d at 282 (internal quotation marks and citation omitted). *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof.").

III.     Findings and Conclusions

In determining whether a claim for relief has been established, the well-pleaded facts in the complaint are deemed true.  *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  *See also DIRECTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability").  In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits.

The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a).  The court has personal jurisdiction over

Artco and Stone based upon service of copies of the Summons and Complaint, exhibits, and civil cover sheet on Artco on September 26, 2006 and on Stone on October 7, 2006.  (*See* docs. # 5-2 and # 8-2).  Artco is a New York corporation with its principal place of business in New York, not an infant, incompetent person, or currently in military service.  (*See* Affidavit of Walter C. Smith in support of Motion for Default Judgment against Artco (doc. # 5-3 at ¶ 3)).  Stone is an individual, not an infant, incompetent person, or currently in military service.  (*See* Affidavit of Collette M. Mayers in support of Amended Motion for Default Judgment (doc. # 14-2 at ¶ 3)).  On October 17, 2006 and November 2, 2006, the Clerk of the Court entered default against Artco and Stone, respectively, pursuant to Fed. R. Civ. P. 55(a).  (*See* docs. # 6 and # 9).

Deery's Complaint is supported by the well-pleaded allegations and the evidence.  By their defaults, Artco and Stone have admitted all facts to establish their liability.  The undisputed evidence before the court demonstrates that Artco and Stone are liable for payment for goods delivered in the principal amount of $271,653.74.  By agreement, Deery is entitled to pre-judgment and post-judgment interest.

> All past due accounts will be charged interest at the rate of 1.5% per month from date of sale on all past due amounts, interest compounded monthly.  Any and all costs incurred in collection of debt owed, including court costs and reasonable attorney fees, shall be added to the past due amount and shall be paid by the Buyer.

(Exhibit B to Complaint).  *See also* Colo. Rev. Stat. § 5-12-102(4)(a) (creditors may receive interest at rate specified in contract or instrument in writing).  Artco and Stone are thus liable for pre-judgment and post-judgment interest at the rate of 1.5% per

month from date of sale on all past due amounts, interest compounded monthly.

By agreement, Deery is also entitled to costs and reasonable attorney fees. (*See* Exhibit B to Complaint).  The court has reviewed the requested fees and costs and finds them reasonable.  (*See* Affidavit of Dennis E. Baker (doc. # 17); Affidavit of John R. Mallory (doc. # 18)).

Accordingly,

**IT IS ORDERED** that, as the court stated at the hearing held December 12, 2006, Deery's Motion for Default Judgment against Defendant Artco (filed October 13, 2006) (doc. # 5) and Deery's Motion for Default Judgment against Defendant Stone (filed November 1, 2006) (doc. # 8) are both **MOOT**, as superseded by Deery's Amended Motion for Default Judgment (filed December 8, 2006) (doc. # 14).

Further, **IT IS RECOMMENDED** that:

1.  Deery's Amended Motion for Default Judgment (filed December 8, 2006) (doc. # 14) be GRANTED.

2.  Default judgment be entered on the Complaint in favor of Plaintiff and against Defendants Artco and Stone, jointly and severally:

   a. in the principal amount of $271,653.74,
   b. plus interest from the date of default to December 12, 2006 in the amount of $36,439.84,
   c. plus interest as it continues to accrue after December 12, 2006 at the rate of 1.5% per month,
   d. plus attorney fees in the amount of $4,141.50,
   e. plus costs in the amount of $810.00.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de*

*novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 27th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge